# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JANE DOE, ) <br> ) <br> **Plaintiff,** ) <br> v. ) <br> ) <br> JAY SENGER, ) <br>    In his official and individual capacities, ) <br> JIMMIE RUSSELL, ) <br>    Sheriff of Taney County, ) <br>    In his official and individual capacities, and ) <br> TANEY COUNTY, MISSOURI, ) <br>    A municipal corporation. ) <br> ) <br> **Defendants.** ) | Case No. 20-cv-3217 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Comes now Plaintiff, Jane Doe, by her attorneys, and for her Complaint against the Defendants, states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, Jane Doe, was sexually assaulted repeatedly by a Correctional Officer at the Taney County Jail in Taney County, Missouri.

2. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, seeking compensatory damages against all Defendants for violations of her constitutional rights, and punitive damages against Defendant Senger in his individual capacity for his assault and battery of Plaintiff. Plaintiff also seeks reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

3. Plaintiff asserts various supplemental state law claims against Defendant Senger.

## JURISDICTION AND VENUE

4. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 3 above as though fully set forth herein.

5. Jurisdiction of the Court is properly invoked pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) and (4) and the federal statutory references above.

6. This Court has supplemental jurisdiction over claims arising under the laws of the State of Missouri.

7. Plaintiff's claim for attorney's fees and costs is authorized by 42 U.S.C. § 1988.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2). All actions alleged herein occurred in Taney County which is in the Western District of Missouri of the United States District Court.

## PARTIES

9. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 8 above as though fully set forth herein.

10. Plaintiff Jane Doe (hereinafter "Plaintiff") is a 53-year-old woman and Missouri resident who was confined at the Taney County Jail at the time of the events referenced in this Complaint.

11. Defendant Jay Senger (hereinafter "Senger" or "Defendant Senger") was at all relevant times a Correctional Officer at the Taney County Jail. He is sued in his official capacity and individual capacity.

12. Jimmie Russell is the Sheriff of Taney County and is responsible for the operation of the County Jail. He is sued in his official capacity and individual capacity.

13. Defendant Taney County, Missouri, is a municipal entity formed under the laws of

the State of Missouri.

## FACTS

14. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 13 above as though fully set forth herein.

15. Plaintiff was confined at the Taney County Jail beginning in May of 2018.

16. On or about September of 2018, Defendant Senger began making inappropriate sexual comments to Plaintiff. These unwanted comments continued until Defendant Senger was arrested.

17. On or about October of 2018, Defendant Senger began unwanted physical contact with Plaintiff of a sexual nature. Defendant Senger engaged in the following acts:

   a. He touched Plaintiff's breasts under her shirt and bra. He asked her, "Does that feel good?"

   b. He forced his fingers inside Plaintiff's vagina.

   c. He forced Plaintiff to perform oral sex on him on multiple occasions.

18. Defendant Senger ordered Plaintiff to stand in a certain place to disrobe for her shower, a place not covered by surveillance cameras, but visible to him in his position in the officers' "bubble." After showering, on at least three occasions, Defendant Senger told Plaintiff she "didn't put on a very good show" and that he "didn't see too much."

19. Defendant Senger made inappropriate comments to Plaintiff over the intercom that transmitted into her cell, including, "What kind of show are you going to put on for me tonight?" and "Do you two ever get into bed with each other?" This latter question was in reference to her female cellmate.

20. Plaintiff reported to the Jail Administrator that she had been the victim of unwanted

sexual contact by Officer Jay Senger on multiple occasions.

21. Plaintiff saved the DNA evidence from one of these assaults which is now in the possession of the Sheriff's investigators.

22. Plaintiff did not consent to any of these acts by Defendant Senger.

23. Upon information and belief, Defendant Senger was in uniform and armed each time he was in proximity to Plaintiff at the County Jail.

24. Defendant Senger has been charged with three counts of "sexual contact with an inmate" under Section 556.145 of the Missouri Revised Statutes. Defendant Senger's criminal case is now pending in the Circuit Court of Taney County.

25. Plaintiff has suffered serious physical and emotional harm from these attacks. She has incurred and will incur expenses for treatment and has experienced and will experience lost wages.

## COUNT I

### DEFENDANT SENGER'S SEXUAL MISCONDUCT VIOLATED PLAINTIFF'S EIGHTH AMENDMENT RIGHTS COGNIZABLE UNDER 42 U.S.C. § 1983
### (AGAINST DEFENDANT SENGER)

26. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 25 above as though fully set forth herein.

27. Defendant Senger, at all relevant times, acted under color of state law.

28. The acts and conduct of Defendant Senger were calculated to and did deprive Plaintiff of her right to be free from cruel and unusual punishment in the form of violent bodily intrusion.

29. As a direct and proximate result of the acts and conduct of Defendant Senger,

Plaintiff suffered serious bodily pain, injury, and emotional distress.

30. The acts and conduct of Defendant Senger were committed unlawfully, intentionally, and with malice or reckless disregard for the rights of Plaintiff.

## COUNT II

### DEFENDANT SENGER'S SEXUAL MISCONDUCT
### VIOLATED PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS
### CONGNIZABLE UNDER 42 U.S.C. § 1983
### (AGAINST DEFENDANT SENGER)

31. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 30 above as though fully set forth herein.

32. Defendant Senger, acting under color of law, with the authority and power conferred upon him by his office and by his employer, Defendant Taney County, unlawfully seized Plaintiff through each of the actions described in Paragraph 17.

33. The acts and conduct of Defendant Senger were calculated to and did deprive Plaintiff of her right to be free from an unreasonable search and seizure and unreasonable use of force under the Fourth and Fourteenth Amendments to the U.S. Constitution.

34. Defendant Senger relied on his power and Plaintiff's vulnerability as a detainee to act with impunity.

35. As a direct and proximate result of the acts and conduct of Defendant Senger, Plaintiff suffered serious bodily pain, injury, and emotional distress.

36. The acts and conduct of Defendant Senger were committed unlawfully, intentionally, and with malice or reckless disregard for the rights of Plaintiff.

# COUNT III

## DEFENDANT RUSSELL IS LIABLE UNDER SECTION 1983 FOR HIS FAILURE TO ACT TO PREVENT THE CONSTITONAL VIOLATIONS ALLEGED IN COUNTS I and II
## (AGAINST DEFENDANT RUSSELL)

37. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 36 above as though fully set forth herein.

38. Sheriff Russell was and remains the elected sheriff of Taney County, Missouri

39. Sheriff Russell was responsible for the care, custody, and control of all indiviudals held at the Taney County Jail.

40. Sheriff Russell was responsible for the training and supervision of all corrections officers, including Defendant Senger.

41. At the time that Defendant Russell assumed the Office of Sheriff of Taney County, he was aware of prior sexual misconduct by correctional officers at the jail.

42. Defendant Senger is at least the third correctional officer charged with a felony for sexual contact with a detained person during Defendant Russell's tenure as Sheriff.

43. Discussing these crimes committed by his employees, Defendant Russell told the press in 2013 that sexual contact with inmates is "not an unusual occurrence in some areas."

44. Despite this statement, Defendant Russell knew that criminal sexual misconduct by correctional employees of a county jail is, in fact, avoidable.

45. Defendant Russell knew that camera coverage and video monitoring was inadequate.

46. Defendant Russell knew that staffing levels left male officers alone and unmonitored with female detainees.

47. Defendant Russell knew that extensive policy and training materials are available and

6

utilized by other correctional facilities. He failed to implement said policies or trainings despite actual knowledge that two prior members of his small staff had committed criminal sexual acts.

48. Defendant Russell facilitated the constitutional violations committed by Defendant Senger and his actions and failures were a direct and proximate cause of Plaintiff's injuries.

49. Defendant Russell is jointly and severally liable for the unlawful acts of Defendant Senger.

## COUNT IV

**DEFENDANT TANEY COUNTY IS LIABLE UNDER *MONELL*
FOR ITS FAILURE TO TRAIN, FAILURE TO SUPERVISE, AND FAILURE TO
CONTROL ITS EMPLOYEES AND FOR ITS CUSTOM AND PRACTICE OF
INADEQUATE MONITORING AND STAFFING
(AGAINST DEFENDANT TANEY COUNTY)**

50. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 49 above as though fully set forth herein.

51. Defendant Taney County's policy, as promulgated by Defendant Russell, is to prohibit sexual misconduct by employees.

52. Within the jail, virtually no efforts are made to ensure that this policy has any impact on institutional behavior:

    a. The policy is not easily accessible.

    b. The policy is not adequately integrated into new employee orientations.

    c. The policy is not accompanied by adequate training.

53. These deficiencies have not been remedied despite actual knowledge that the policy is not followed.

54. It was the custom and practice of Taney County to maintain a jail monitoring system that it knew was inadequate to protect those held in the facility, both in terms of actual coverage and in terms of monitoring.

55. It was the custom and practice of Taney County to understaff the jail to the extent that male officers were left alone and unmonitored with female detainees.

56. Defendant Senger is now the third known correctional officer to engage in sexual misconduct with the confident (and correct) belief that the video surveillance system would not implicate him.

## MISSOURI STATE LAW CLAIMS

### COUNT V
### ASSAULT
### (AGAINST DEFENDANT SENGER)

57. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 56 above as though fully set forth herein.

58. In September and October of 2018, at the Taney County Jail, Defendant Senger made offensive comments and gestures towards Plaintiff with intent to cause Plaintiff bodily harm, offensive contact, and apprehension of bodily harm and offensive contact.

59. Defendant Senger had the apparent present ability to effectuate these attempts.

60. Defendant Senger's actions were unwanted, unlawful, and unjustified.

61. As a direct and proximate result of Defendant Senger's attempts, Plaintiff was caused to suffer great bodily, harm, physical injuries, physical and mental pain, and anguish.

## COUNT VI
## BATTERY
## (AGAINST DEFENDANT SENGER)

62. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 61 above as though fully set forth herein.

63. In September and October of 2018, at the Taney County Jail, Defendant Senger intentionally assaulted and physically touched Plaintiff as part of sexual assaults.

64. Defendant Senger's actions were unwanted, unlawful, and unjustified.

65. Defendant Senger's contact with Plaintiff was offensive and intended to place Plaintiff in apprehension of bodily harm.

66. The touching by Defendant Senger was offensive because it offended a reasonable sense of personal dignity.

67. As a direct and proximate result of Defendant Senger's batteries upon Plaintiff, Plaintiff was caused to suffer great bodily harm, physical injuries, physical and mental pain, and anguish.

## COUNT VII
## NEGLIGENCE PER SE
## (AGAINST DEFENDANT SENGER)

68. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 67 above as fully set forth herein.

69. By and through the enactment of Section 566.145 of the Missouri Revised Statutes, the State of Missouri has prohibited all sexual contact with incarcerated individuals by any staff working within a correctional facility.

70. Plaintiff is a member of the class of individuals protected by Section 566.145.

71. Defendant Senger's actions violated the statute, directly and proximately resulting in injuries to Plaintiff of the exact nature intended to be prevented by the statute.

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues in this action.

## RELIEF

WHEREFORE, Plaintiff for a Judgment against Defendants as follows: Plaintiff requests compensatory damages against all Defendants in an amount to be determined at trial, punitive damages against Defendants Senger and Russell in an amount to be determined at trial, attorney's fees, costs and disbursements pursuant to law, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ John J. Ammann
John J. Ammann, Mo. #34308
Brendan D. Roediger, Mo. #60585
Susan McGraugh, Mo. #37430
Saint Louis University Legal Clinic
100 North Tucker
St. Louis, Mo. 63101
314-977-2778 fax: 314-977-1180
john.ammann@slu.edu
brendan.roediger@slu.edu
susan.mcgraugh@slu.edu

Jenifer C. Snow, Mo. # 67345
Ryan J. Gavin, Mo. #48691
Kamykowski, Gavin & Smith, P.C.
222 S. Central, Suite 1100
St. Louis, Mo. 63105
314-665-3280 fax: 314-762-6721
Jenifer@kgslawfirm.com
Ryan@kgslawfirm.com